Travis N. Barrick, SBN 9257
GALLIAN WELKER
& BECKSTROM, LC
540 E. St. Louis Avenue
Las Vegas, Nevada 89104
Telephone: (702) 892-3500
Facsimile: (702) 386-1946
tbarrick@vegascase.com
*Attorneys for Plaintiff Tracy Vickers*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TRACY VICKERS,

             Plaintiff,

    v.

HENRY GODECKI, in his individual capacity;
RENEE BAKER, in her official and individual capacity;
TARA CARPENTER, in her official and individual capacity;
PAMELA DEL PORTO in her official and individual capacity;
HAROLD J. WICKHAM, in his official and individual capacity;
BARBARA CEGAVSKE, in her official capacity;
CHARLES DANIELS, in his official capacity;
STEPHEN SISOLAK, in his official capacity;
AARON D. FORD, in his official capacity;
JOHN/JANE DOES 1-10, in their official and/or individual capacities,

             Defendants.

Case No.: 2:20-CV-1401

**CIVIL RIGHTS COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES UNDER 42 U.S.C. §1983**

**JURY TRIAL DEMANDED**

- 1 -

Plaintiff, Tracy Vickers ("Mr. Vickers"), through his attorney of record, Travis N. Barrick, Esq., ("Mr. Barrick") of the law firm GALLIAN WELKER & BECKSTROM, LC, hereby submits his Civil Rights Complaint pursuant to 42 U.S.C. §1983 and avers as follows:

**JURISDICTION AND VENUE**

1.  At all times relevant herein, Plaintiff Tracy Vickers is and was an individual domiciled in the State of Nevada.

2.  Upon information and belief, Defendant Henry Godecki is and was an individual domiciled in the State of Nevada.

3.  Upon information and belief, Defendant Renee Baker is and was an individual domiciled in the State of Nevada.

4.  Upon information and belief, Defendant Tara Carpenter is and was an individual domiciled in the State of Nevada.

5.  Upon information and belief, Defendant Pamela Del Porto is and was an individual domiciled in the State of Nevada.

6.  Upon information and belief, Defendant Harold J. Wickham is and was an individual domiciled in the State of Nevada.

7.  Upon information and belief, Defendant Barbara Cegavske is and was an individual domiciled in the State of Nevada.

8.  Upon information and belief, Defendant Charles Daniels is and was an individual domiciled in the State of Nevada.

9.  Upon information and belief, Defendant Steve Sisolak is and was an individual domiciled in the State of Nevada.

10. Upon information and belief, Defendant Aaron D. Ford is and was an individual domiciled in the State of Nevada.

11. Upon information and belief, Defendant John/Jane Does 1-10 is and were individuals domiciled in the State of Nevada.

**GENERAL FACTUAL ALLEGATIONS**

12. Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

13. At all relevant times, Mr. Vickers was a Nevada prisoner who was released in December of 2019 and currently resides in Clark County, Nevada.

14. At all relevant times, and upon information and belief, Defendant Henry Godecki was acting under color of law in his individual capacity as a correctional officer at Lovelock Correctional Center (LCC) in Lovelock, Nevada, for the Nevada Department of Corrections (NDOC).

15. At all relevant times, and upon information and belief, Defendant Renee Baker was acting under color of law in her official and individual capacity as the warden at LCC for the NDOC.

16. At all relevant times, and upon information and belief, Defendant Tara Carpenter was acting under color of law in her official and individual capacity as an associate warden at LCC for the NDOC.

17. At all relevant times, and upon information and belief, Defendant Pamela Del Porto was acting under color of law in her official and individual capacity as an investigator for the Inspector General's Office.

18. At all relevant times, and upon information and belief, Defendant Harold J.

Wickham was acting under color of law in his official and individual capacity as the Deputy Director of Operations for the NDOC.

19. At all relevant times, and upon information and belief, Defendant Barbara Cegavske was acting under color of law in her official and individual capacity as a prison commissioner for NDOC.

20. At all relevant times, and upon information and belief, Defendant Charles Daniels was acting under color of law in his official capacity as Director of NDOC.

21. At all relevant times, and upon information and belief, Defendant Steve Sisolak was acting under color of law in his official capacity as a prison commissioner for NDOC.

22. At all relevant times, and upon information and belief, Defendant Aaron D. Ford was acting under color of law in his official capacity as a prison commissioner for NDOC.

23. At all relevant times, and upon information and belief, Defendant John/Jane Does 1-10 were acting under color of law in their official and/or individual capacities as NDOC employees.

24. The acts and omissions of Defendants giving rise to Plaintiff's claims arose in the State of Nevada.

25. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. §1983, 28 U.S.C. §1343(a)(3), and 28 U.S.C. §1331.

26. Venue over Plaintiff's claims properly lies in this Court under 28 U.S.C. §1391(b).

//
//
//

**SPECIFIC FACTUAL ALLEGATIONS**

27.   On around July 27, 2017, Mr. Vickers arrived at the minimum-security Lovelock Conservation Camp, better known as "Building 8," just outside the gates of the medium-security Lovelock Correctional Center ("LCC").

28.   Approximately two weeks later on around August 10, 2017, a verbal confrontation took place between Mr. Vickers and a fellow inmate, Scott Kelley, inside the Building 8 unit.

29.   Kelley walked off and returned a very short period later with a baseball bat that he had retrieved from inside an unsecured storage area inside Building 8.

30.   Kelley cocked back and acted to swing the bat at Mr. Vickers' head area, thereby causing Mr. Vickers to raise his arms in a defensive position to cover his head and facial area.

31.   Kelley swung the baseball bat and struck a severe blow to Mr. Vickers' chest/spleen/abdominal area, thereby doubling him over with instant pain.

32.   Before Kelley could strike again, Mr. Vickers managed to escape and rushed himself out of the unit to the guard tower.

33.   Mr. Vickers reported the attack to Defendant Godecki on the ground and another unknown officer stationed in the guard tower.

34.   Mr. Vickers was airlifted to Renown Medical Center in Reno, Nevada where he stayed for approximately one day.

35.   A CT Scan and various other tests were conducted on Mr. Vickers.

36.   Fortunately, no extremely severe damage to Mr. Vickers' body was detected.

37.   Mr. Vickers experienced growing pain and soreness in his chest/spleen/abdominal area.

38. Mr. Vickers was provided pain medication and returned to LCC where he was placed in administrative segregation.

39. In the days, weeks, and months following the attack, Mr. Vickers continued to experience complications such as pain, soreness, bruising, unexplained frequent urination, internal discomfort, and mental and emotional trauma.

40. Mr. Vickers temporarily lost his minimum custody status over this incident and consequently was unable to continue earning both work and good time credits toward reduction of his sentence under the minimum custody rate.

41. Mr. Vickers filed an administrative grievance regarding the fact that the fellow prisoner should not have had unfettered access to a baseball bat that could potentially be used to severely harm both inmates and staff.

42. Defendants Carpenter and Del Porto informed Mr. Vickers that tools, recreation equipment, and NDF (Nevada Department of Forestry) equipment are not mandated to be secured at minimum custody facilities because prisoners are assigned minimum custody status.

43. The policy[1] of not monitoring and securing equipment such as baseball bats at minimum custody facilities was promulgated and/or permitted by Defendants Cegavske, Wickham, Baker, Daniels, Sisolak, and Ford.[2]

44. Said policy was enforced, permitted, and/or carried out by Defendants Wickham, Baker, Carpenter, Del Porto, Godecki, and Defendant John/Jane Does 1-10.

---

[1] The term "policy" as used herein refers to both written and unwritten polices, practices, or customs.
[2] Defendants Daniels, Sisolak, and Ford have been added as current defendants in their official capacities who replaced Prison Director James Dzurenda, Prison Commissioner Brian Sandoval, and Prison Commissioner Paul Laxalt in their respective positions.

45. All Defendants were well aware that tools (screwdrivers, hammers, etc), recreation equipment (baseball bats), and NDF equipment (picks, shovels, etc.) could be used by any given minimum custody prisoner as potential deadly weapons against other prisoners and staff.

46. All Defendants were well aware that violent acts between minimum custody prisoners at minimum custody NDOC facilities were not uncommon and that prisoners have lost their minimum custody status for violent acts such as fighting and even drug use.

47. All Defendants were well aware that NDOC's assigning of prisoners to minimum custody facilities did not automatically convert those prisoners to different individuals than they were when their respective crimes were committed or when they had been housed under medium or even maximum-security statuses.

48. All Defendants were therefore fully aware of the security need to not allow even minimum custody prisoners unfettered access to potentially deadly weapons such as baseball bats.

49. All Defendants were well aware that they were constitutionally mandated to reasonably provide for the safety and security of all prisoners to the utmost of their ability, regardless of the prisoners' custody statuses.

50. All Defendants were fully aware that there was no need or purpose for a baseball bat to be anywhere inside Building 8, let alone accessible to prisoners at their leisure, since inmates at Building 8 did not participate in recreational activities such as baseball or soft ball because there was no baseball diamond or field at Building 8 to facilitate baseball games.

51. Defendant Godecki and other Defendant John/Jane Doe Defendant officers were

responsible for conducting periodic searches of Building 8 for potential weapons and contraband but regularly disregarded the baseball bat used to assault Mr. Vickers.

## CAUSES OF ACTION

## COUNT I

### *Eighth Amendment and Article 1 §6 of the Nevada Constitution–Deliberate Indifference*

52. Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

53. Mr. Vickers was denied and deprived of his rights against cruel and unusual punishment under the Eighth Amendment and Article 1 §6 of the Nevada Constitution by Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, Ford, and John/Jane Does 1-10 when they displayed deliberate indifference to Mr. Vickers health and safety by promulgating, permitting, and/or enforcing a policy of not securing and monitoring recreation equipment, such as baseball bats, at minimum custody facilities with full knowledge that such recreation equipment could be used as potential weapons by prisoners against other prisoners, such as Mr. Vickers, or even staff.

54. As a result of Defendants' actions, Mr. Vickers was attacked by another inmate with an unsecured baseball bat and had to be airlifted to the hospital for treatment of his injuries.

//
//
//

## COUNT II
### Fourteenth Amendment—Equal Protection

55.     Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

56.     Mr. Vickers was denied and deprived of his right to equal protection under the 14th Amendment by Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Daniels, Sisolak, Ford, and John/Jane Does 1-10 when they deliberately failed to afford Mr. Vickers the same protection from inmates having unfettered access to potential weapons, such as baseball bats, as afforded other NDOC inmates simply due to his minimum custody status.

57.     Defendants were well aware that Mr. Vickers was entitled to the same protections as other NDOC prisoners regardless of his custody status and that there was no rational basis for allowing minimum custody prisoners unfettered access to recreation equipment such as baseball bats that clearly had a high potential to be used by prisoners as weapons if left unsecured and unmonitored.

58.     As a result of Defendants' actions, Mr. Vickers was attacked by another inmate with an unsecured baseball bat and had to be airlifted to the hospital for treatment of his injuries.

## COUNT III
### Eighth Amendment—Deliberate Indifference

59.     Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

60.     Mr. Vickers was denied and deprived of his rights against cruel and unusual punishment under the Eighth Amendment of the U.S Constitution by Defendants

Godecki and John/Jane Does 1-10 when they displayed deliberate indifference to Mr. Vickers' health and safety by failing to remove and secure, through their routine inspections of Building 8, a baseball bat that they knew could be used as a potential weapon and had no recreational purpose in Building 8 since Building 8 prisoners did not play baseball and had no access to a baseball field.

61. As a result of Defendants' actions, Mr. Vickers was attacked by another inmate with the unsecured baseball bat and had to be airlifted to the hospital for treatment of his injuries.

## COUNT IV
*Negligence*

62. Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

63. Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, Ford, and John/Jane Does 1-10 breached their duties to protect Mr. Vickers from violence at the hands of fellow prisoners by failing to monitor and secure recreational equipment such as baseball bats which they knew could foreseeably result in prisoners accessing baseball bats and bringing harm to other prisoners, such as Mr. Vickers, or even prison staff.

64. As a direct and proximate result of the negligence of the Defendants, Mr. Vickers was viciously attacked by another inmate with the unsecured baseball bat and had to be airlifted to the hospital for treatment of his injuries.

//
//
//

## COUNT V
### *Negligent Hiring, Training, Selection and Supervision*

65.  Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

66.  Defendants Wickham, Baker, Cegavske, Daniels, Sisolak, Ford, and John/Jane Does 1-10 had a mandatory duty to properly and completely regulate, train, test, and supervise all officers and personnel under their control on the appropriate measures for monitoring and securing recreational equipment to avoid unreasonable risk of harm to Mr. Vickers, other prisoners, and staff.

67.  Defendants negligently breached their duty of care to Mr. Vickers in that they failed to adequately train and supervise their officers regarding the monitoring and securing of recreational equipment such as baseball bats under AR 830.

68.  As a direct and proximate result of the negligence of the Defendants, Mr. Vickers was viciously attacked by another inmate with the unsecured baseball bat and had to be airlifted to the hospital for treatment of his injuries.

## COUNT VI
### *Gross Negligence*

69.  Mr. Vickers reasserts and realleges all other allegations of this Complaint and incorporates them herein as if set forth in full.

70.  Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, Ford, and John/Jane Does 1-10 failed to exercise even a slight degree of diligence or care, demonstrating a substantially and appreciably higher magnitude of culpability and aggravation than ordinary negligence, when they failed to secure or monitor, or require the securing or monitoring, of recreational equipment, such as

baseball bats, and responded to Mr. Vickers' grievance by stating that such security was unnecessary due to his minimum custody status.

71. The acts of each of the Defendants constitute gross negligence, and as a direct and proximate result thereof, Mr. Vickers was viciously attacked by another inmate with an unsecured and unmonitored baseball bat and had to be airlifted to the hospital for treatment of his injuries.

72. Each of the Defendants, at the times referenced herein, acted with a conscious disregard for the safety and care of Mr. Vickers, and were aware of the possible life-threatening consequences that could result from their grossly negligent conduct.

73. Each of the Defendants willfully and deliberately failed to avoid these consequences, thereby entitling Mr. Vickers to an award of punitive damages against each named Defendant.

**WHEREFORE**, Mr. Vickers requests judgment against the Defendants as follows:

1. For the general damages that Mr. Vickers has suffered, including suffering and emotional distress, in amounts to be proven at trial against each Defendant;
2. For all consequential, incidental, and special damages that Mr. Vickers has suffered, in amounts to be proven at trial against each Defendant;
3. For punitive damages, in amounts to be proven at trial against each Defendant;
4. For declaratory judgment declaring that prisoners have an Eighth Amendment right to be protected from prisoners having unfettered access to potential weapons such as tools, recreational equipment, and fire equipment no matter their custody statuses;
5. For an injunction ordering the Defendants and/or their agents to regularly monitor and secure all tools, recreational equipment, and fire equipment at minimum

custody facilities.

6. Pursuant to NRS 17.1310, prejudgment interest at the legal rate from the date of the filing of Mr. Vickers's complaint until paid;

7. For attorney fees, should counsel be subsequently obtained, and costs available under 42 U.S.C. §1988 and §1997e;

8. For costs incurred and accruing; and

9. For such other and further relief as the Court deems just under the circumstances.

DATED this 28th day of July, 2020.

By: /s/ Travis N. Barrick
Travis N. Barrick, SBN 9257
GALLIAN WELKER
& BECKSTROM, LC
540 E. St. Louis Avenue
*Attorneys for Plaintiff Tracy Vickers*