UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY WAYNE VICKERS, | Case No. 2:20-cv-01401-GMN-NJK |
| Plaintiff | ORDER |
| v. | |
| HENRY GODECKI et al., | |
| Defendants | |

**I.   DISCUSSION**

The Court finds that this case is not subject to the screening requirements under 28 U.S.C. §§ 1915A or 1915(e) and will proceed on the normal litigation track. Section 1915A only applies to individuals incarcerated at the time they file their complaints. *Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1282 (9th Cir. 2017). Plaintiff, who was released from the Nevada Department of Corrections ("NDOC") in 2019[1], submitted this counseled civil rights complaint under 42 U.S.C. § 1983 on July 28, 2020. (ECF No. 1). As such, § 1915A does not apply to Plaintiff.

The screening requirement under § 1915(e) applies to all actions filed *in forma pauperis*, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam). In this action, Plaintiff paid the full $400 filing fee for a civil action. (ECF No. 1). As such, § 1915(e) does not apply to Plaintiff. This case will proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

///
///
///
///

---

[1] In the complaint, Plaintiff states that he was released from prison in 2019. (ECF No. 1 at 3). The NDOC inmate database also states that Plaintiff has been discharged.

**II.     CONCLUSION**

For the foregoing reasons, it is ordered that the Court will not issue a screening order in this case.

It is further ordered that this case will proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure.

DATED THIS  18   day of August 2020.

_____
Gloria M. Navarro, Judge
United States District Court