# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRACY WAYNE VICKERS, | Case No. 2:20-cv-01401-GMN-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING STIPULATION TO STAY DISCOVERY** |
| HENRY GODECKI, *et al.*, | |
| Defendants. | |

Defendants, Pamela Del Porto, Harold Wickham, Charles Daniels, Tara Carpenter, Romeo Aranas, and Renee Baker, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Katlyn M. Brady, Senior Deputy Attorney General, of the State of Nevada, Office of the Attorney General, and plaintiff Tracy Vickers, by and through counsel Travis Barrick, stipulate to stay discovery pending resolution of Defendants' motion to dismiss. ECF No. 14.

Plaintiff initiated this matter alleging several Nevada constitutional officers negligently allowed an inmate access to a baseball bat, which he used to assault Plaintiff.

Defendants submitted a motion to dismiss, which seeks dismissal of all claims as a matter of law. ECF No. 14. The parties met and agreed that a stay was warranted

pending resolution of the motion to dismiss as it raised several issues, including whether Defendants were entitled to immunity.[1]

As stated below, good cause exists to stay discovery pending resolution of Defendants' motion to dismiss.

## II. LEGAL ARGUMENT

### A. Good Cause Exists To Impose A Stay

"[T]he Ninth Circuit has held that the purpose of a Rule 12(b)(6) motion is to enable a Defendant to challenge the legal sufficiency of a complaint without subjecting itself to discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011).

> The court will employ a two part test in determining whether to stay the discovery: (1) the pending motion must be potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought, and (2) the court must determine whether the pending potentially dispositive motion can be decided without additional discovery.

*Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013), *see also Puckett v. Schnog*, No. 2:12-CV-01958-GMN, 2013 WL 1874754, at *1 (D. Nev. May 3, 2013), *Rose v. Washtronics of Am.*, No. 213CV00568JADNJK, 2013 WL 12213348, at *1 (D. Nev. Aug. 15, 2013).

The Defendants' Motion to Dismiss would be dispositive of all claims against them. Furthermore, the Motion to Dismiss can be decided without additional discovery. Accordingly, a stay of discovery should be imposed as to the state defendants.

### B. The State Defendants Filed A Motion To Dismiss, Raising The Preliminary Issue Of Immunity

The Defendants' Motion to Dismiss seeks dismissal of all claims asserted against them. ECF No. 14. Furthermore, the Motion to Dismiss can be decided without additional discovery, as the state defendants raised legal issues regarding sovereign

---

[1] This Court previously denied the parties' stipulation to stay discovery after finding the parties failed to provide any legal authority for the proposed stay. ECF No. 21. Accordingly, the parties are resubmitting the stipulation with appropriate authorities.

immunity, the Nevada Constitution, questions of law, and qualified immunity. The Motion to Dismiss does not present factual issues, but instead is premised on questions of law, which would be dispositive of all claims against the judicial defendants.

### The Defense Of Immunity Warrants A Stay

"[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when jurisdiction, venue, or immunity are preliminary issues." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997), *citing Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). Courts in the District of Nevada often stay discovery when a dispositive motion raises an immunity defense. *Anoruo v. McDonald*, No. 21:cv-00441-GMN-NJK. 2016 WL 3951410, at * 1 (D. Nev. July 21, 2016)

"[D]iscovery should be stayed while dispositive motions are pending only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive." *Ministerio Roca Solida v. U.S. Dept. of Fish and Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). The court employs a two-part test when determining if a stay is appropriate. *Id*. **First**, the court determines whether the pending motion will be dispositive of the entire case. *Id.* **Second**, the court must determine whether the pending dispositive motion can be decided without additional discovery. *Id.* Here, Defendants present several questions of law that can be decided without additional discovery. Specifically, Defendants raised two distinct immunity defenses, sovereign immunity and qualified immunity. Further, Defendants raised pure questions of law regarding whether the Nevada Constitution creates a private cause of action and whether Plaintiff adequately pled an equal protection claim.

### III. CONCLUSION

This Court should stay discovery as to the state defendants pending resolution of their Motion to Dismiss.

In the event the Court denies the Motion to Dismiss, the parties shall conduct a case conference as required under FED. R. CIV. P. 26(f), no later than 14 days after the Court issues its Order on the Motion to Dismiss, and will submit a discovery plan and scheduling order within 14 days of the conference.

This stipulation is executed in good faith and not for the purposes of delay.

DATED this 6th day of May, 2021.　　　DATED this 6th day of May, 2021.

　　　　　　　　　　　　　　　　　　　　AARON D. FORD
　　　　　　　　　　　　　　　　　　　　Attorney General

By: /s/ Travis Barrick　　　　　　　　　By: /s/ Katlyn M. Brady
　　TRAVIS BARRICK　　　　　　　　　　　　KATLYN M. BRADY (Bar No. 14173)
　　Gallian, Welker, & Beckstrom　　　　Senior Deputy Attorney General
　　*Attorney for Plaintiff*　　　　　　　*Attorneys for Defendants*

**ORDER**

The parties' stipulation to stay discovery is **GRANTED**. In the event resolution of the pending motion to dismiss, Docket No. 14, results in this case remaining open, the parties must submit a joint proposed discovery plan no later than 14 days after the issuance of the order resolving the motion to dismiss.

IT IS SO ORDERED.

Dated: May 7, 2021

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE