**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRACY VICKERS, )
 )
 Plaintiff, ) Case No.: 2:20-cv-01401-GMN-NJK
 vs. )
 ) **ORDER**
HENRY GODECKI, *et al.*, )
 )
 Defendants. )
 )

Pending before the Court is Plaintiff Tracy Vickers' ("Plaintiff's") Motion for Reconsideration, (ECF No. 30). Defendants Pamela Del Porto, Harold Wickham, Charles Daniels, Tara Carpenter, Romeo Aranas, and Renee Baker (collectively, "Defendants") filed a Response, (ECF No. 34), but Plaintiff did not file a Reply.

For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiff's Motion for Reconsideration.

**I. BACKGROUND**

This case arises from Defendants' alleged failure to protect Plaintiff from being attacked by another inmate, Scott Kelley, while Plaintiff was incarcerated at Lovelock Correctional Center ("LCC"). (Compl. ¶¶ 13, 27, ECF No. 1). The Court provides a detailed review of the facts alleged in Plaintiffs' Complaint and the background information and procedural history of this case in its previous Order granting in part and denying in part Defendants' Motion to Dismiss. (Order 1:17–2:17, ECF No. 29); (*see also* Resp. Mot. Reconsideration 2:9–5:27, ECF No. 34). Following the Court's Order, Plaintiff filed the instant Motion for Reconsideration. (*See generally* Mot. Reconsideration, ECF No. 30).

///

## II. LEGAL STANDARD

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). Reconsideration is appropriate where: (1) the court is presented with newly discovered evidence, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Reconsideration is not a mechanism for rearguing issues presented in the original filings. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Moreover, motions for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff offers four grounds for reconsideration: (1) the Court has jurisdiction over Plaintiff's claims against Defendants in their official capacities; (2) Plaintiff adequately alleged his Equal Protection claim under a class of one theory; (3) the Court prematurely dismissed his deliberate indifference claim under the Nevada Constitution; and (4) Plaintiff sufficiently pled his negligent hiring, training, and supervision claim. (Mot. Reconsideration 3:2–7:21). A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). With that, the Court addresses each argument in turn.

### a. Claims Against Defendants in their Official Capacities

Plaintiff contends the Court misapprehended controlling law in ruling that it did not have jurisdiction over his claims against Defendants in their official capacities because he sought

prospective injunctive relief, which the Court has jurisdiction over. (Mot. Reconsideration 3:5–4:3).  When a prisoner sues State officials in their official capacities, the officials are not "persons" within the meaning of § 1983, and suits against the officials are "no different than suits against the state itself," with the Eleventh Amendment barring such suits. *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir.1997).  However, when officials are sued for prospective injunctive relief in their official capacity, then the State officials are each considered a "person" under Section 1983. *Id.*

Here, the Court agrees with Plaintiff that his Section 1983 claims against Defendants for prospective injunctive relief survive. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1350–51 (9th Cir.1992) ("[T]he Eleventh Amendment does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief."). Accordingly, being that Count III is the only surviving claim that arises under Section 1983, it may proceed against Defendants in their official capacities only as to the prospective injunctive relief Plaintiff seeks.  Count II will not proceed against Defendants in any capacity because the Court previously dismissed it for failure to state a claim.  The only remaining claim arising under Section 1983 is Count I: deliberate indifference under the Eighth Amendment of the U.S. Constitution and Article 1, Section 6 of the Nevada Constitution against Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, Ford, and John/Jane Does 1-10, which the Court addresses below. *See infra* Section III(c).

        **b.  Equal Protection Claim**

Next, Plaintiff avers the Court incorrectly dismissed his equal protection claim because he never asserted he was a member of a protected class, but rather that he brought this claim under a class of one theory. (Mot. Reconsideration 4:7–15).  However, Plaintiff's allegations support the opposite.  He alleges Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Daniels, Sisolak, Ford, and John/Jane Does 1-10 deliberately failed to provide him the same

protection from other inmates *due to his minimum custody status*. (Compl. ¶ 56) (emphasis added). Reviewing the Complaint reveals that Plaintiff is not the only inmate at LCC with minimum custody status. (*See id.* ¶¶ 42, 45, 46, 48). Thus, Plaintiff alleges not that the named Defendants singled him out but rather that they failed to protect a group with whom he shares common characteristics. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) (A "plaintiff in a 'class of one' case does not allege that the defendants discriminate against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily."). As Plaintiff's allegations do not support that his claim is based on class of one theory, the Court denies reconsideration as to Plaintiff's equal protection claim.

**c. Deliberate Indifference under the U.S. and Nevada Constitutions (Count I)**

Plaintiff contends the Court prematurely dismissed Count I, deliberate indifference under the Nevada Constitution, because the Nevada supreme court was in the process of answering certified questions regarding whether a private right of action exists for violations of the Nevada Constitution. (Mot. Reconsideration 5:11–6:16). However, Plaintiff's argument fails because the certified questions he refers to are unrelated to the rights he attempts to vindicate here. Plaintiff cites to *Mack v. Williams*, where a sister court within this district certified questions regarding whether "there is a private right of action under the Nevada Constitution, Article 1, Section[s] 8 . . . [and] . . . 18." 522 P.3d 434, 439, 440 (2022). The Nevada supreme court concluded affirmatively as to Section 18: "yes, a private right of action against state actors for retrospective monetary relief exists to enforce search-and-seizure rights under Article 1, Section 18 of the Nevada Constitution." *Id.* at 451. The court, however, did not conclude that the existence of a private right of action for search-and-seizure violations transferred to the existence of the same for violations of cruel and unusual punishment. *See generally id.*

Despite this failure, Plaintiff need not have relied on certified questions in an unrelated case because the Court applies the same legal standards to the cruel and unusual punishment provision in Article 1, Section 6 of the Nevada Constitution as it does to the cruel and unusual punishment provision of the Eighth Amendment of the U.S. Constitution. *Naovarath v. State*, 105 Nev. 525, 532 n.6 (1989) ("We relate this decision to the eighth amendment of the Constitution of the United States and article 1, section 6 of the Constitution of the State of Nevada, both of which proscribe cruel and unusual punishment."); *Hutchins v. Nevada Dep't of Corr.*, No. 3:10-CV-00369-LRH, 2011 WL 7575728, at *4 n.3 (D. Nev. Oct. 5, 2011) (subsequent history omitted). The Court, thus, grants reconsideration only to address the merits of Count I.

In his Complaint, Plaintiff alleges Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, Ford, and John/Jane Does 1-10 displayed deliberate indifference to his health and safety by promulgating, permitting, or enforcing a policy of not securing and monitoring recreational equipment at minimum custody facilities despite knowing inmates could use such equipment as weapons against other inmates. (Compl. ¶ 53).

To bring a successful Section 1983 claim, a plaintiff must allege (1) a violation of a constitutional right and (2) must show that the alleged violation was committed by "a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988). A plaintiff may vindicate her constitutional rights under Section 1983 if the offending official affirmatively acts, participates in another's affirmative acts, or does not perform an act she "is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The plaintiff must allege specific facts to demonstrate causation is satisfied "and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Id.* (citations omitted).

Here, Plaintiff fails to provide specific allegations to allow the Court to infer that Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, and Ford acted with deliberate indifference by promulgating, permitting, or enforcing any policy that led to a constitutional violation.  Plaintiff sufficiently alleges the brutal experience he endured when Scott Kelley struck Plaintiff with a baseball bat, causing injuries. (Compl. ¶¶ 27–37).  Plaintiff does not, however, allege with any specificity that the named Defendants affirmatively acted, participated in another's affirmative acts, or did not perform acts they were legally required to do.[1]  The closest Plaintiff arrives to this is his allegation that Defendants Carpenter and Del Porto informed him that recreational equipment is not required to be secured at minimum custody facilities.  (*Id.* ¶ 42).  This, however, is a far cry from overcoming a Rule 12(b)(6) challenge.  Simply informing Plaintiff that equipment is not required to be secured does not lend to an inference that the named Defendants promulgated, permitted, or enforced any policy that led to a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although Plaintiff alleges these Defendants were aware that inmates could use recreational equipment to injure others, these allegations are conclusory at best without any supporting or corroborating facts. (Compl. ¶¶ 43–50).  Thus, Plaintiff fails to sufficiently allege deliberate indifference under Count I against Defendants Baker, Carpenter, Del Porto, Wickham, Cegavske, Godecki, Daniels, Sisolak, and Ford.  Accordingly, the Court dismisses Count I in its entirety.

### d. Negligent Hiring, Training, Selection, and Supervision

Lastly, Plaintiff contends the Court overlooked significant facts and incorrectly dismissed his negligent hiring, training, selection, and supervision claim. (*See* Mot.

---

[1] The Court previously held Plaintiff sufficiently pled that Defendants Godecki and John/Jane Doe acted with deliberate indifference toward his health and safety. (*See* Order 7:9–10:24).  However, Plaintiff does not allege with any specificity that their alleged failure to secure recreational equipment translates to them promulgating, permitting, or enforcing any policy leading to a constitutional violation.

Reconsideration 6:21–7:21). He argues that because the Court did not dismiss Count III, deliberate indifference against Defendants Godecki and John/Jane Doe, his negligent hiring, training, selection, and supervision claim against Defendants Wickham, Baker, Cegavske, Daniels, Sisolak, Ford, and John/Jane Does 1-10 should not have been dismissed. (*See id.*). This argument, however, is unavailing. Plaintiff is misguided in his assertion that the Court ruled all Defendants were deliberately indifferent to his health and safety. In fact, the Court specifically found Plaintiff sufficiently alleged that only Defendants Godecki and John/Jane Doe acted with deliberate indifference. (Order 10:16–21); (*see also id.* 7:9–13). Similar to the reasoning behind dismissing Count I above, Plaintiff does not allege with any specificity that Defendants Wickham, Baker, Cegavske, Daniels, Sisolak, Ford, and John/Jane Does 1-10 are liable for negligent hiring, training, selection, and supervision. *See supra* Section III(c); (Compl. ¶¶ 43–50). Accordingly, the Court denies reconsidering dismissing Plaintiff's negligent hiring, training, selection, and supervision claim.

In sum, the Court grants reconsideration to allow the only claim arising under Section 1983 that survived Defendant's Motion to Dismiss (*i.e.*, Count III) to proceed against the relevant Defendants in their official capacities. The Court also grants reconsideration as to addressing Count I but dismisses it for failure to state a claim. The Court, however, denies reconsidering dismissing Plaintiff's equal protection (Count II) and negligent hiring, training, selection, and supervision claims (Count V).

///
///
///
///
///
///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration, (ECF No. 30), is **GRANTED in part and DENIED in part**, consistent with this Order.

**DATED** this __8__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT